FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2010 SEP 14 PM 3:25
CLERK R. Cur
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| JOHNNY MELVIN GREER, JR., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.: CV510-080 |
| CORRECTIONS CORPORATION OF AMERICA; BARRY GOODRICH; JAMES SELLERS; Chief MILES; Sergeant ODEM; and Sergeant BURKETT, | : |
| Defendants. | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Telfair State Prison in Helena, Georgia, filed an action filed pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff states that while in protective custody at Coffee Correctional Facility, an inmate who was supposed to be segregated from the general population was placed in a cell with him. Plaintiff states that Defendant Odum passed Plaintiff's cell and asked the other inmate if he was going to jump on Plaintiff like he had jumped on his last two cellmates. Plaintiff alleges that Defendants Sellers and Burkett also made rounds and knew that the other inmate was not supposed to be in Plaintiff's cell. Plaintiff claims the other inmate in his cell placed a razor on his neck and raped him. Plaintiff states the next day he informed an officer what had happened and was taken to Satilla Regional Medical Center and rape kit tests were performed. Plaintiff asserts that he has still not

received the results from his blood tests to determine whether he has been infected with HIV or hepatitis.

Plaintiff names as Defendants in this case: Corrections Corporation of America, Chief Miles, and Warden Barry Goodrich. However, Plaintiff sets forth no factual allegations against these parties, which would indicate they violated Plaintiff's constitutional rights. It appears that Plaintiff attempts to hold these parties liable based solely on their supervisory positions. In § 1983 actions, liability must be based on something more than a theory of respondeat superior. <u>Braddy v. Fla. Dep't of Labor and Employment Sec.</u>, 133 F.3d 797, 801 (11th Cir. 1998).

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Corrections Corporation of America, Chief Miles, and Warden Barry Goodrich be **DISMISSED**. Plaintiff's cognizable claims are addressed in an Order of even date.

**SO REPORTED** and **RECOMMENDED**, this 14th day of September, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE